IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,  :

    Plaintiff,  :

  v.  :  Case No. 2:08-mj-187-TK

Gabriel N. Velez,  :  MAGISTRATE JUDGE KEMP

    Defendant.  :

DETENTION ORDER

    The Court held a detention hearing in this case on April 17, 2008.  After hearing evidence and argument, the Court detained the defendant without bond.  The reasons for that action are set forth below.

    Defendant was charged in a criminal complaint with possessing with the intent to distribute more than 50 grams of crack cocaine and with carrying a weapon in relation to a drug trafficking crime.  Those offenses allegedly occurred on January 4, 2007.  He waived a preliminary hearing.  The charges both carry with them a presumption of detention, explained as follows.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of

>           imprisonment of ten years or more is
>           prescribed in the Controlled Substances
>           Act (2l U.S.C. 801 et seq)...[or] an
>           offense under section 924(c)...of this
>           title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of

-2-

their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

According to the Pretrial Services report, defendant has prior felony convictions for receiving stolen property and trafficking in drugs.  He has ties to the Columbus area, including a girlfriend and four children.  He has had no regular employment for a number of years and has no income.  He has a history of marijuana use.  He did successfully complete a term of community control from 1997 to 2000.

The defendant has known about these charges since 2007.  He has remained in the Columbus area.  However, when agents attempted to arrest him on this charge, he fled, first in his car and then on foot.  He attempted to hide from agents under a tarp, and was also in possession of a substantial sum of money when apprehended.  This evidence suggests that he is still involved in criminal activity.

In the Court's view, the defendant did not rebut the

presumption that is created by his indictment on a serious drug charge.  Other than ties to the community, there are no positive factors favoring release.  He has a criminal record which includes multiple prior drug convictions and he appears to have engaged in new criminal activity after the conduct alleged in this complaint.  He also attempted to evade arrest even after it should have been obvious to him that the people pursuing him were law enforcement officers.  There is probable cause to believe that he possessed a firearm not only in relation to a drug trafficking crime, but illegally due to his prior felony convictions.  For all of these reasons, the Court detained the defendant without bond pending trial.

      The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

        /s/ Terence P. Kemp
        United States Magistrate Judge